UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cr-40025-SLD |
| | ) | |
| MARCO ANTONIO RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Defendant Marco Antonio Rodriguez's pro se motion for compassionate release, ECF No. 48, and counseled Amended Motion for Compassionate Release, ECF No. 51, and the United States' Motion to File Exhibit Under Seal, ECF No. 53. For the reasons that follow, the motions for compassionate release are DENIED, and the motion for leave to file under seal is GRANTED.

**BACKGROUND**

Defendant was sentenced to 120 months of imprisonment for conspiracy to distribute at least 100 kilograms of marijuana and at least 500 grams of cocaine. Am. Judgment 1–2, ECF No. 41. He is currently serving his sentence at Federal Correctional Institution ("FCI") Victorville Medium I in Victorville, California and is scheduled to be released on July 25, 2025. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for BOP Register Number "74412-112") (last visited Aug. 6, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the Federal Public Defender to represent Defendant with respect to this motion. *See* Dec. 14, 2020 Text Order. An amended

motion was filed by counsel on December 28, 2020. The United States opposes Defendant's request for compassionate release. Resp., ECF No. 54.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A).[1] "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

### II. Analysis

Defendant suggests that he has established extraordinary and compelling reasons that warrant a reduction of his sentence to time served because he is at a high risk for severe illness from COVID-19 due to his medical conditions, particularly his hypertension. *See* Am. Mot. Compassionate Release 2. He then argues that the time he has already served in addition to a period of home confinement constitutes a sentence sufficient to accomplish the purposes of

---

[1] The statute also states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Seventh Circuit has held that there is currently no applicable policy statement with which a sentence reduction under § 3582(c)(1)(A) must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

sentencing under 18 U.S.C. § 3553(a).  *See id.* at 6–11.  The United States argues that Defendant fails to establish an extraordinary and compelling reason for relief and that his release is unwarranted in light of the § 3553(a) factors.  Resp. 1.[2]

This Court has found extraordinary and compelling circumstances exist due to COVID-19 when an individual is at higher risk for severe illness due to an underlying health condition.  *See United States v. Smith*, Case No. 2:17-cr-20056-SLD-EIL, 2021 WL 262553, at *2 (C.D. Ill. Jan. 26, 2021).  The United States argues that Defendant "does not suffer from any ailment that has been confirmed to increase the likelihood of severe complications if he were to contract COVID-19" because at the time the response was filed, the Centers for Disease Control and Prevention ("CDC") had stated only that hypertension might increase someone's risk for severe illness from COVID-19.  *See* Resp. 15–16.  Currently, the CDC states that hypertension can "possibly . . . make [one] more likely to get severely ill from COVID-19."  *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).  The Court is not convinced the qualification that hypertension can possibly increase risk for severe illness means Defendant has failed to establish and extraordinary and compelling reason for release.

In any case, the Court finds that release is unwarranted after consideration of the § 3553(a) factors.  These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need

---

[2] The United States concedes that Defendant has met the exhaustion requirement.  Resp. 15.  The Court therefore need not address it.  *Cf. Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

Defendant's crime was serious. He engaged in a nationwide drug dealing operation with over a million dollars in deposits in bank accounts across different states. *See* Revised Presentence Investigation Report ("PSR") ¶¶ 7–13, ECF No. 19. As the Court noted at sentencing, Defendant "trafficked drugs through sophisticated means over a large geographical area . . . us[ing] the mail system and FedEx to transport drugs throughout the country, through a distribution network." Sentencing Tr. Volume II 61:11–15, ECF No. 38. He was responsible for "a significant amount of drugs hitting the streets throughout this country." *Id.* at 62:18–20.

His criminal history is concerning as well. He had a prior conviction for selling marijuana which arose out of being caught with 73 pounds of marijuana in 2000. *Id.* at 63:1–4; PSR ¶ 36. He committed the offense of driving while under the influence while on probation for that case. PSR ¶ 37. And he was on two terms of probation when he committed the instant offense. *Id.* ¶ 40.

The Court sentenced Defendant to 120 months of imprisonment, which was near the high end of the Sentencing Guidelines range, "because of his role and the scope and scale and means in which this conspiracy was committed and also to specifically deter . . . [D]efendant, since prior sentences, including the one in 2000 involving possession of [a distribution amount of] marijuana . . . was not an adequate deterrent." Sentencing Tr.

Volume II 64:10–16.  Defendant has served approximately four-and-a-half years of this sentence.  *See* PSR 1 (indicating Defendant was detained on December 20, 2016).

Defendant argues that his criminal history category overrepresents his criminal record because he only had three misdemeanor offenses.  Am. Mot. Compassionate Release 8.[3]  He argues that had the Court departed to the next lowest criminal history category, his Sentencing Guidelines range would have been 87 to 108 months, so he likely would have served over half of his sentence.  *Id.* at 9.  He also argues that "he has taken extraordinary efforts to turn his life around during his time in custody"—by obtaining his GED, completing various courses, and maintaining a good disciplinary record—and that he "enjoys the support of a loving family who welcome his return to the community."  *Id.*

The Court commends Defendant for his efforts at rehabilitation, but ultimately finds the seriousness of the offense, the need to provide for specific deterrence, and the need to promote respect for the law counsel against releasing him.  Even if Defendant's criminal history had been overrepresented in the applicable Sentencing Guidelines range—a conclusion the Court does not agree with considering the nature of Defendant's marijuana sale conviction and his failure to comply with multiple terms of supervision—he would still have a significant portion of his sentence yet to serve.

**CONCLUSION**

---

[3] Defendant also makes a specific argument that he did not have a prior qualifying felony that would have subjected him to the ten-year mandatory minimum.  *See* Am. Mot. Compassionate Release 8.  He suggests that the Court sentenced him to 120 months because that it was what he otherwise would have been sentenced to if the United States had filed a § 851 enhancement.  *Id.* at 7–8.  But the Court did not anchor its sentence on the mandatory minimum; instead, it sentenced Defendant to 120 months because of his role in the offense, the scope and scale of Defendant's operation, and Defendant's risk to recidivate (which was informed by the fact that he had been sentenced to a year of custody for possessing a distribution amount of marijuana).  *See* Sentencing Tr. Volume II 64:10–16; PSR ¶ 36.

Accordingly, Defendant Marco Antonio Rodriguez's pro se motion for compassionate release, ECF No. 48, and counseled Amended Motion for Compassionate Release, ECF No. 51, are DENIED. The United States' Motion to File Exhibit Under Seal, ECF No. 53, is GRANTED because Defendant's medical records should be sealed.

Entered this 6th day of August, 2021.

                                                  s/ Sara Darrow
                                                  SARA DARROW
                              CHIEF UNITED STATES DISTRICT JUDGE